UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AVERY GOSS,

    Petitioner,

v.                                                            Case No. 3:20cv6021-MCR-HTC

MARK S INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Avery Goss, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his convictions in the circuit court of Escambia County, Florida, in case 2017-CF-6952. ECF Doc. 1. After considering the petition, the record, the State's response, ECF Doc. 10, and Petitioner's reply, ECF Doc. 12, the undersigned recommends the petition be DENIED without an evidentiary hearing.

**I.  BACKGROUND**

On November 20, 2018, a jury found Petitioner guilty of sexual battery with a deadly weapon, armed burglary of an occupied dwelling, two counts of armed robbery with a firearm, armed carjacking with a firearm, armed kidnapping, armed false imprisonment, and battery. ECF Doc. 10-1 at 152-56. On June 13, 2019, he was sentenced to 50 years on the sexual battery count; 40 years each on the burglary, robbery, carjacking and false imprisonment counts, to be served concurrently with

the sentence on the sexual battery count; 5 years on the kidnapping count, concurrently with the other counts; and time served on the battery count. *Id.* at 245-54.

According to the testimonies and evidence presented at trial, Petitioner and a codefendant, Turner, carjacked the male victim when he was leaving Chaser's bar. Eventually, Petitioner and Turner made the victim drive to his home, where his fiancée had been waiting for him. After making the two victims drive to an ATM, the four returned to the victims' home. Although Petitioner and Turner let the male victim stay at the home, they left with the female victim. According to the female victim's testimony, she spent about 1-2 hours with Petitioner and Turner going to various places, during which Petitioner sexually assaulted her until Turner told him to stop. Both victims eventually learned the names of Petitioner and Turner and, after reporting them to law enforcement, identified both men in a photo lineup. In addition to the testimonies of the victims, several officers also testified regarding their response to the incident. Additionally, a DNA expert testified for the state that DNA evidence found on a fresh can of beer in the victim's car matched that of the Petitioner. Jurors also heard a recorded interview between Turner and an investigator.

Petitioner appealed his judgment and conviction to the First District Court of Appeals ("First DCA"). *See* Case No.: 1D19-2210. The First DCA affirmed without explanation on any issue other than the denial of the motion to sever trial. *Goss v.*

*State*, 300 So. 3d 366 (Fla. 1st DCA July 13, 2020); ECF Doc. 10-3 at 125.  Petitioner sought rehearing, which the First DCA denied on August 13, 2020.  ECF Doc. 10-3 at 130.  The mandate was issued on September 3, 2020.  ECF Doc. 10-3 at 154.

Petitioner did not seek review in the Florida Supreme Court but, because he could have done so, the conviction became final when the time for seeking such review expired.  *Coulliette v. Sec'y, Dep't of Corr.,* No. 5:12cv355/MW/GRJ, 2014 WL 518936, at *2 (N.D. Fla. Feb.10, 2014) ("Because the First DCA issued a written opinion, Petitioner could have sought discretionary review in the Florida Supreme Court, but he did not do so.  Accordingly, Petitioner's conviction became final . . . 30 days after the First DCA denied his motion for rehearing, when the time to seek discretionary review expired.").  Thus, the conviction became final ninety (90) days later, on November 11, 2020.  *Dailey v. Crews*, No. 3:13CV148-WS/EMT, 2014 WL 2158428, at *4 (N.D. Fla. May 23, 2014) (concluding "if there was a written DCA opinion, that opinion does not start the 90-day clock.  Instead, the Court has to consider the defendant's ability to seek discretionary review in the Supreme Court of Florida before petitioning the U.S. Supreme Court.").

Petitioner filed a Post-Conviction Relief Motion on December 4, 2020.  ECF Doc. 10-3 at 156.  On January 29, 2021, that motion was stricken with leave to amend within sixty (60) days.  ECF Doc. 10-3 at 162.  Petitioner did not file an

amendment; instead, Petitioner filed the instant petition on December 15, 2020. Thus, it is timely filed.[1]

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs a state prisoner's petition for habeas corpus relief. Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014). "Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.*; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a

---

[1] *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D) (identifying trigger dates for the one year statute of limitations); § 2244(d)(2) (the statute of limitations is tolled for properly filed post-conviction applications).

Case No. 3:20cv6021-MCR-HTC

different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

**III. DISCUSSION**

For the reasons set forth below, the undersigned finds Petitioner has not shown the state court rulings were contrary to law or resulted from an unreasonable determination or application of facts.

### A. Ground One: State Conviction for Both Robbery and Carjacking Was a Violation of Double Jeopardy

In Ground One, Petitioner argues his conviction on Counts 3 and 4 (charging armed robbery) and his conviction for carjacking in Count 5, violated the Double Jeopardy clause because they flowed from the same series of events. ECF Doc. 1 at 5. Petitioner exhausted this claim by raising it on direct appeal, ECF Doc. 10-3 at 56, and the First DCA affirmed without written explanation. ECF Doc. 10-3 at 125 Because the state court did not provide a reasoning for its decision, Petitioner must show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

Petitioner cannot meet that burden here. The Fifth Amendment to the United States Constitution guarantees that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const. amend. V, and applies to the states through the Fourteenth Amendment, *e.g., Benton v. Maryland*, 395 U.S. 784, 787 (1969). The guarantee protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Generally, "[t]he question under the Double Jeopardy Clause whether punishments are multiple is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (internal quotations omitted).

In Florida, separate convictions for different offenses arising from a single act are only permissible where each separate offense contains an element that the other lacks. *See* Fla. Stat. § 775.021(4)(a) and (b). "The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations, and 3) whether there has been a temporal break between the incidents." *Russo v. State*, 804 So.2d 419, 420-21 (Fla. 4th DCA 2001) (*quoting Vasquez v. State*, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001)).

The Florida Supreme Court has specifically held that the Florida legislature intended to authorize separate punishments for carjacking and robbery when the property stolen in the robbery is something other than the vehicle stolen in the carjacking. *See Cruller v. State*, 808 So.2d 201, 203-04 (Fla. 2002). *See also Brown v. Sec'y, Dep't of Corr.*, No. 8:07-CV-1304-T-30MAP, 2009 WL 320860, at *5 (M.D. Fla. Feb. 9, 2009); *Allen v. McDonough*, No. 05-23160-Civ-JORDAN, 2007 WL 9770254, at *19 (S.D. Fla. Sept. 18, 2007). A federal court should defer to the State's interpretation of its own law. The Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law[.]" *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "[S]tate law is what the state courts say it is." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1299 (11th Cir. 2017). Accordingly, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Here, the armed robbery counts (Counts 3 and 4) of the Second Amended Information charged Petitioner with stealing something other than the car that was the subject of the carjacking charge (Count 5). That is, it charged Petitioner with stealing "a wallet and contents, U.S. currency, and a cellphone" from one victim and "U.S. currency and / or a cell phone" from the other. ECF Doc. 10-1 at 19. Therefore, Petitioner's convictions on Counts 3, 4 and 5, did not result in double jeopardy and Petitioner is not entitled to relief on Ground One.

> **B.** **Grounds Two and Four: State Used Out-of-Court Statement of Co-Defendant Introduced Through Investigator without Co-Defendant Being Subject to Cross-Examination (Ground Two) and Trial Court Erred in Not Severing Trial from Co-Defendant (Ground Four)**

In Ground Two, Petitioner argues the court erred in admitting testimony regarding an out-of-court statement the co-defendant made to Petitioner, telling Petitioner to stop assaulting the victim. Specifically, the female victim testified that while Petitioner was sexually assaulting her, Turner told Petitioner "Don't do that to her man. Don't do it to her. She's innocent." ECF Doc. 10-2 at 301. This out-of-court statement also came into evidence through the recorded interview between law enforcement and Turner. ECF Doc. 10-2 at 391-92 (The investigator told the co-defendant, "[the female victim] said good things about you, about the stuff that was going on in the part. That you were telling Avery, like … when Avery took her into the back seat, you were like, dude, don't do that to her."). Petitioner argues the

admission of Turner's statement violated his Sixth Amendment's right to confront Turner.

In Ground Four, Petitioner argues that because of the potential admission of that statement, the trial court erred in not severing his trial from that of his co-defendant. Because these two grounds are interrelated, they will be discussed together.

Prior to trial, Petitioner moved to sever his trial from that of his codefendant. As grounds for the motion, Petitioner predicted that the female victim would testify that the codefendant told Petitioner to stop his sexual assault by stating, "No, man, don't do it to her, man, don't do it to her." ECF Doc. 10-2 at 16-31. The victim would further testify that Petitioner did not respond but did stop the sexual assault. *Id.* The State opposed the motion, arguing there was no Confrontation Clause issue because "the circumstances of the comment and the Defendant's response to it and his acquiescence to it ... ma[de] it an adoptive admission." *Id.* at 18. The trial court agreed and denied the motion, *id.* at 30, and the First DCA affirmed. The state courts' determinations were not contrary to law or an unreasonable application of the facts.

First, the state courts correctly determined that the out-of-court statement was not hearsay. Under Fla. Stat. § 90.803(18)(a), a statement that is offered against a party is not inadmissible as hearsay if it is the party's own statement. Here, Petitioner's silence in the face of Turner's accusatory statement for Petitioner to stop

assaulting the victim, constitutes an admission by silence. *See Nelson v. State*, 748 So. 2d 237, 242 (Fla. 1999) (setting forth factors to determine whether silence equates to an admission). There is no dispute the statement was heard and understood by Petitioner (since he stopped the assault upon hearing the statement); Turner had knowledge about the assault, nothing prevented Petitioner from denying the statement, and the nature and content of the statement was such that, if untrue, a reasonable person would have denied it. *Id.* Because the statement was not hearsay, it does not implicate the Confrontation Clause. *See United States v. McGregor,* 857 F. Supp. 2d 1224, 1227 (M.D. Ala. 2012), citing *United States v. Jiminez*, 564 F.3d 1280 (11th Cir.2009) ("[t]here can be no doubt that the Confrontation Clause prohibits *only* statements that constitute impermissible hearsay").

Second, the Confrontation Clause only applies to "testimonial statements" that are made with the expectation of being used in an investigation or prosecution of a crime. *Crawford v. Washington*, 541 U.S. 36, 51–52 (2004) ("[N]ot all hearsay implicates the Sixth Amendment's core concerns. An off-hand, overheard remark might be unreliable evidence and thus a good candidate for exclusion under hearsay rules, but it bears little resemblance to the civil-law abuses the Confrontation Clause targeted."); *Michigan v. Bryant*, 562 U.S. 344, 354 (2011) (stating that the Supreme Court in *Crawford* "limited the Confrontation Clause's reach to testimonial statements"). Here, the statements by the co-defendant were made during the commission of the crime and were clearly not made with the expectation that they

would be used in an investigation or prosecution of a crime. Therefore, they are not testimonial and do not trigger the Confrontation Clause. *Davis v. Washington*, 547 U.S. 813, 822 (2006) (providing that statements are testimonial when "circumstances objectively indicate that...the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."); *United States v. Makarenkov*, 401 F. App'x 442, 444 (11th Cir. 2010) ("[T]he statements made by [a co-conspirator] to the confidential informant were not testimonial because the statements were not made under circumstances in which he would expect his statement to be used in court—he believed he was speaking to a trusted accomplice in crime. Therefore, the admission of the [co-conspirator's] statements did not violate Makarenkov's rights under the Confrontation Clause.").

Because admission of the statement did not violate the Confrontation Clause, Petitioner is not entitled to relief on Ground Two. Likewise, because the statement was an admission by Petitioner, the trial court did not err in declining to sever the trials, and Petitioner is not entitled to habeas relief on Ground Four.

### D. Ground Three: Evidence Presented in Trial Did Not Support Conviction of Guilty

In Ground Three, Petitioner argues the evidence was insufficient to convict him because "the State evidence that was presented in trial couldn't tie me to the crime." ECF Doc. 1 at 8. Petitioner exhausted this claim on direct appeal, and the First DCA affirmed without written explanation.

Petitioner's claim is belied by the record. When a defendant seeks federal habeas corpus relief on the ground that his or her conviction is based on insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted, emphasis in original); *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001). That was certainly the case with the evidence admitted at Petitioner's trial.

Here, both victims described in detail the violent acts which were perpetrated on them, and which met all of the elements of the offenses of each of the crimes charged. Also, the victims spent a considerable amount of time with Petitioner during the attack and identified him from photographic line-ups. ECF Doc. 10-2 at 248-49 (male victim) and 313 (female victim). Also, a DNA expert matched DNA found on a beer can in the victim's car to Petitioner. ECF Doc. 10-2 at 363, 415-17. There was more than sufficient evidence to tie Petitioner to the crime and for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Petitioner is not entitled to habeas relief on this Ground.

## IV.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether

such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing.

B. **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Goss*, 2017-CF-6952, in Escambia County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.